IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **PABLO A. ABRAHAMS,** | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| v. | : | |
| | : | |
| **DELAWARE SIDING COMPANY, INC.,** | : | |
| a Delaware corporation, | : | |
| | : | **TRIAL BY JURY DEMANDED** |
| Defendant. | : | |

## COMPLAINT

1. This is a civil action for compensatory and punitive damages and for injunctive relief for discrimination in terms, conditions, and eventual termination of employment of a Hispanic employee of Puerto Rican ancestry who was paid less than his Caucasian co-workers, denied overtime and vacation pay and vacation time, and eventually discharged because of his race and national origin. Defendant also paid Plaintiff at his regular hourly rate for overtime hours worked in excess of forty hours per week in violation of the Fair Labor Standards Act.

### I. JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Civil Rights Act of 1991, Pub.L. No. 102-166, 105 Stat. 1071, 42 U.S.C. § 1981a; and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA").

3. Supplemental jurisdiction for the State law claims also exists under 19 Del. C. §§ 711(a)(1) and 715(a).

4. The causes of action arise under 42 U.S.C. § 1981, Title VII, and the FLSA.

5. All conditions precedent to jurisdiction have occurred or have been complied with. Plaintiff filed a timely administrative complaint with the Delaware Department of Labor ("DDOL"). The administrative proceedings have been terminated. A Right to Sue Notice was issued on December 22, 2005.

6. Venue is proper in this district because it is the judicial district where Plaintiff was employed, the unlawful employment practices complained of occurred, and the claims arose.

## II. THE PARTIES

7. Plaintiff Pablo A. Abrahams is a 33 year old Hispanic male of Puerto Rican ancestry. He is a resident of the State of Delaware and resides at 2905 Mendenhall Court, Wilmington, Delaware 19802.

8. From approximately February 1, 2004, through July 5, 2005, Plaintiff was continuously employed by Defendant. At all times material hereto, he was a diligent, honest, and loyal employee who always performed his job in an exemplary manner.

9. Delaware Siding Company, Inc. is a Delaware corporation with more than 15 employees. Its registered agent for service of process is Dee Ridgeway with a registered address of 2061-E New Castle Avenue, New Castle, Delaware 19720.

### III. FACTS GIVING RISE TO THE ACTION

A. **Employment History Overview**

10. Plaintiff was employed by Defendant since approximately February 1, 2004, initially as a Gutter Mechanic or Gutter Installer and most recently as a Repair Helper or Service Technician.

11. Plaintiff never received a negative evaluation, a suspension, or other disciplinary action from Defendant.

B. **Unequal Pay**

12. As a Repair Helper or Service Technician, Plaintiff assisted with home repairs and improvements performed by Defendant.

13. Other similarly situated Caucasian co-workers including, but not limited to, John S. were paid at a higher hourly rate for equal work as a Service Technician and on jobs the performance of which required equal skill, responsibility, and effort and which were performed under similar working conditions.

C. **Overtime Paid at Regular Rate**

14. Defendant paid Plaintiff at his regular hourly rate of $12 for overtime hours worked in excess of forty hours per week.

15. Other similarly situated Caucasian co-workers including, but not limited to, John S. were paid in cash at a higher hourly rate for overtime hours worked in excess of forty hours per week.

**D.    Denied Raises and Demotion**

16.    Defendant never gave Plaintiff a raise during the eighteen months he worked for the company.

17.    After he completed his initial three month probationary period with the company, Plaintiff asked Defendant's Office Manager Renee Fraim for a raise.

18.    Initially, Fraim told Plaintiff he should ask Defendant's sub-contractor Dennis for the raise.

19.    Plaintiff subsequently asked Dennis for the raise.

20.    On Plaintiff's behalf, Dennis spoke to Defendant's Owner Jason Whittaker and requested a raise for Plaintiff.

21.    Whittaker told Dennis that he would not give Plaintiff a raise.

22.    Then in the Summer of 2005, Plaintiff again asked Whittaker for a raise.

23.    Whittaker told Plaintiff that Defendant does not give out raises.

24.    Similarly situated Caucasian co-workers including, but not limited to, John S. and his partner Dave received raises of $3 per hour after working for Defendant for the initial probationary period of three months.

25.    Whittaker subsequently demoted Plaintiff from Gutter Mechanic to Service Technician or Repair Helper.

**E.    Denied Vacation Time and Pay**

26.    Plaintiff never took a vacation during the eighteen months he worked for the company.

27.    Similarly situated Caucasian co-workers including, but not limited to, John S.

received vacation time after working for Defendant for less than eighteen months.

28. After it discharged Plaintiff, Defendant failed to pay all vacation pay it owed him.

**F.  Discharge**

29. Then in July of 2005, just three days before Plaintiff was scheduled to take his first vacation in his eighteen months with the company, his supervisor, Field Manager Dave Bar, a Caucasian male, told Plaintiff that Defendant did not need him any more.

30. Later, Defendant indicated that Plaintiff was discharged for driving a company truck during his personal time.

31. Previously, Defendant assigned Plaintiff to drive one of its trucks to haul scrap aluminum to a junk yard and to wash the truck after doing so.

32. That work could not be completed during the work week because it had rained ("rain day").

33. In the past, Defendant authorized Plaintiff to make up for the rain day by hauling the scrap aluminum to the junk yard and washing the truck on a Saturday when he was not scheduled to perform other work for Defendant.

34. Previously, Tom, a similarly situated Caucasian co-worker, was caught by Defendant's Owner performing a side job while being paid on the clock by Defendant.

35. Tom also drove a company truck under the influence of alcohol and crashed it.

36. However, Tom was not discharged for either of these acts, and Defendant retained him.

37. There was no documentation to support Plaintiff's discharge.

**G.  Plaintiff's Replacement**

38. Upon information and belief, Defendant subsequently hired a non-Hispanic to

replace Plaintiff after he was discharged.

**H.     Other Direct and Circumstantial Evidence of a Discriminatory Workplace**

    **(1)     Slurs Were Ignored.**

39.     Whenever Plaintiff arrived at a job, his Caucasian co-worker, John S. would say, "Here comes the Mexican wagon!"

40.     Defendant's management, including, but not limited to, Office Manager Renee Fraim made and was aware of ethnic and racial slurs made against Plaintiff specifically and Hispanics in general, but it refused to take corrective action to eliminate such conduct in the workplace.

    **(2)     Workplace Composition**

41.     During the time Plaintiff worked for the company, he was Defendant's only Hispanic employee.

42.     During the time Plaintiff worked for the company, he was Defendant's only Puerto Rican employee.

43.     All other employees of Defendant were Caucasian.

**I.     Plaintiff's Injuries and Damages**

44.     As a direct and proximate result of the discriminatory actions of the Defendants and their agents, as detailed herein, Plaintiff suffered and is suffering lost wages, earnings, and overtime and vacation pay; diminished earning capacity now and upon his expected retirement at age 62; decreased employment and earnings opportunities; inconvenience; loss of enjoyment of life; mental, emotional, and physical pain and anguish; humiliation; embarrassment; injury to reputation; and other pecuniary and non-pecuniary losses and injuries.

**IV.     OTHER ALLEGATIONS REGARDING THE DEFENDANT'S CONDUCT**

45.     The actions of Defendant were deliberately, intentionally, willfully, purposefully, and knowingly done in violation of federally protected rights.  Defendant either knew or showed a negligent or reckless disregard for the matter of whether its conduct violated federal and State law rights.  Its actions were outrageous and taken with evil or improper motive, in bad faith, out of personal animus or motivated by bias and without any reasonable grounds to support them.  Its actions were wanton and malicious or taken with reckless indifference to rights protected under federal and State law.

46.     Additionally, Defendant, its agents, and employees engaged in the discriminatory practices with malice or with reckless indifference to Plaintiff's federally protected rights, and Defendant is liable for punitive damages pursuant to 42 U.S.C. § 1981a(b) and 19 Del. C. § 715(a).

### COUNT I - UNEQUAL PAY - RACE AND NATIONAL ORIGIN
### (TITLE VII, 19 DEL. C. § 711 AND § 1981)

47.     Plaintiff repeats and realleges paragraphs 1 - 46 set out above.

48.     Under all the circumstances, Plaintiff has been illegally discriminated with respect to compensation because of his race and national origin because he was paid wages at a rate less than that paid to Caucasian employees for jobs the performance of which required equal work, skill, effort, and responsibility and which were performed under similar working conditions.

49.     Plaintiff's rights were violated under 42 U.S.C. § 1981, Title VII, and 19 Del. C. § 711, because he was underpaid or otherwise discriminated against on the basis of his race and national origin.

50. Plaintiffs' statutory right to be free of discrimination based on race and national origin has been denied under the Civil Rights Act of 1866, 42 U.S.C. § 1981, 19 Del. C. § 711, and Title VII.

## COUNT II
## (FAIR LABOR STANDARDS ACT - 29 U.S.C. § 207)

51. Plaintiff repeats and realleges paragraphs 1 - 50 set out above.

52. While employed by Defendant, Plaintiff engaged in commerce or an enterprise engaged in commerce.

53. During Plaintiff's employment, Defendant employed him for workweeks longer than forty hours.

54. For those workweeks it employed Plaintiff longer than forty hours, Defendant did not pay Plaintiff for the weekly hours in excess of forty at a rate of at least one and one-half times the regular rate at which he was employed.

55. Plaintiff's statutory right to overtime pay of at least one and one-half times the regular rate for weekly hours worked in excess of forty has been denied under 29 U.S.C. § 207.

## COUNT III - TERMS AND CONDITIONS, HOSTILE ENVIRONMENT
## (TITLE VII, 19 DEL. C. § 711, AND § 1981)

56. Plaintiff repeats and realleges paragraphs 1 - 55 set out above.

57. The acts identified herein were regular and continuous, and they created an intimidating, hostile, or offensive work environment.

58. Because of his race and national origin, Plaintiff suffered intentional discrimination which was severe or pervasive, regular, and continuous. This detrimentally affected him, and it would do so for a reasonable person of the same race and national origin in

his position. The totality of the circumstances proves the existence of a hostile or abusive working environment severe enough to affect the psychological stability of a Hispanic of Puerto Rican ancestry.

59. Under all the circumstances, Plaintiff has been illegally discriminated against in terms and conditions of employment, and otherwise harassed, by a discriminatory, hostile, and abusive work environment which was created, approved, and tolerated by management because of his race and national origin.

60. Plaintiffs' statutory right to be free of racial discrimination has been denied under the Civil Rights Act of 1866, 42 U.S.C. § 1981, Title VII, and 19 Del. C. § 711.

61. Plaintiffs' statutory right to be free of discrimination based on national origin has been denied under Title VII and 19 Del. C. § 711.

### COUNT IV - DISCHARGE - RACE AND NATIONAL ORIGIN
### (TITLE VII, 19 DEL. C. § 711, AND § 1981)

62. Plaintiff repeats and realleges paragraphs 1 - 61 set out above.

63. Plaintiff's rights were violated under the Civil Rights Act of 1866, 42 U.S.C. § 1981, Title VII, and 19 Del. C. § 711, because he was discharged or otherwise discriminated against on the basis of his race and national origin.

64. Plaintiffs' statutory right to be free of discrimination based on race and national origin has been denied under the Civil Rights Act of 1866, 42 U.S.C. § 1981, Title VII, and 19 Del. C. § 711.

**WHEREFORE,** Plaintiff prays that the Court:

(a)    Enter a declaratory judgment declaring the acts of the Defendant to be a violation of Plaintiff's statutory rights.

(b) Enter a judgment against Defendant for nominal or presumed damages.

(c) Under 42 U.S.C. § 1981, Title VII, and 19 Del. C. § 711, enter a judgment against Defendant for compensatory damages, including lost wages, back pay, overtime and vacation pay, and future or front pay, loss of earning capacity, and humiliation, embarrassment, injury to reputation, and personal injuries.

(d) Under the Fair Labor Standards Act, enter a judgment against Defendant for compensatory damages for overtime pay at one and one-half times the regular rate for weekly hours Plaintiff worked in excess of forty.

(e) Under the Fair Labor Standards Act, enter a judgment against Defendant for liquidated damages in an amount equal to the compensatory damages for overtime pay under § (d) above.

(f) Under 42 U.S.C. § 1981, Title VII, and 19 Del. C. § 715(a), enter a judgment against Defendant for punitive damages.

(g) Issue a mandatory injunction directing Defendant to reinstate Plaintiff to the position of Repair Helper or an equivalent position, or alternatively, issue a mandatory injunction directing Defendant to place him in the position to which he would have normally progressed but for the illegal discrimination against him.

(h) Alternatively, issue a mandatory injunction requiring Defendant to place Plaintiff in the next appropriate vacancy to which he normally would have been entitled.

(i) Award front pay until Plaintiff can be reinstated or placed in a comparable or appropriate position.

(j) Issue a permanent injunction requiring Defendant to:

   (i) Notify everyone who learned of Defendant's treatment of Plaintiff that its conduct was illegal,

   (ii) Expunge Plaintiff's personnel files of any derogatory information relating to this matter,

(k) Award Plaintiff costs, interest, and attorney's fees for this suit.

(l) Require such other and further relief as the Court deems just and proper under the circumstances.

**LAW OFFICE OF JOHN M. LaROSA**

/s/ John M. LaRosa
**JOHN M. LaROSA, ESQUIRE**
Delaware Bar No. 4275
Two East 7th Street, Suite 302
Wilmington, Delaware 19801-3707
(302) 888-1290
JLR@LaRosaLaw.com

Dated: March 22, 2006                    Attorney for Plaintiff Pablo A. Abrahams

Attorney Files/John's Files/Client Files/ABRAHAMS/Pleadings/Complaint

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PABLO A. ABRAHAMS

## DEFENDANTS
DELAWARE SIDING COMPANY, INC.

**(b)** County of Residence of First Listed Plaintiff   **NEW CASTLE**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John M. LaRosa, Esquire
Law Office of John M. LaRosa
Two East 7th Street, Suite 302
Wilmington, DE 19801-3707   (302) 888-1290

Attorneys (If Known)
Antonia S. Bevis, Esquire
Farrarra, Haley & Bevis
1716 Wawaset Street, P.O. Box 188
Wilmington, Delaware 19899   (302) 656-7247

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **PERSONAL INJURY** | ☐ 362 Personal Injury— Med. Malpractice | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | ☐ 365 Personal Injury — Product Liability | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| **PERSONAL PROPERTY** | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 370 Other Fraud | | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 371 Truth in Lending | | | | ☐ 890 Other Statutory Actions |
| ☐ 380 Other Personal Property Damage | | | | |
| ☐ 385 Property Damage Product Liability | | | | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This is a civil action for compensatory and punitive damages and injunctive relief for discrimination in the terms, conditions, and eventual termination of employment of a Hispanic employee of Puerto Rican ancestry who was paid less than his Caucasian co-workers, denied overtime and vacation pay and vacation time, and eventually discharged because of his race and national origin in violation of 42 U.S.C. §§ 1981 and 2000e et seq. Defendant also paid Plaintiff at his regular hourly rate for overtime hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE   DOCKET NUMBER

DATE   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse  (Rev. 3/99)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.**   **(a) Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b.) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction**.  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States, are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS-44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit**.  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin**.  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a)  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**   **Cause of Action**.  Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.**   **Requested in Complaint**.  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases**.  This section of the JS-44 is used to reference related pending cases if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. __0 6    1 9 1 —__

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF __1__ COPIES OF AO FORM 85.

__3/22/06__  
(Date forms issued)

__John M. LaRosa__  
(Signature of Party or their Representative)

__John M. LaRosa__  
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action